# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                              ) | CR422-130 |
| ) | |
| RAMON SAMUEL COLLAZO,  ) | |
| ) | |
| Defendant.                ) | |

## ORDER FOR MENTAL HEALTH EVALUATION

Defendant Ramon Samuel Collazo appeared before the Court on March 21, 2023 for a scheduled detention hearing. *See* doc. 20. At that hearing, Defendant appeared disoriented and was unable to fully respond to basic questions, *i.e.,* about who is the current President of the United States, that caused to Court to consider whether it would seek an evaluation of Defendant's competence *sua sponte*. *See, e.g.,* 18 U.S.C. § 4241(a) ("The court . . . shall order . . . a [competency] hearing on its own motion[ ] if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist

1

properly in his defense."). After the Court announced its intent to order a competency evaluation on its own motion, defense counsel volunteered that he had seriously considered moving for a hearing and that he regarded such a motion as likely, if the Court had not acted upon its own motion. The Government did not object.

Based on its own observations of Defendant, as supported by defense counsel's concerns, the Court is satisfied that there is reasonable cause to suspect the mental competency of the defendant. 18 U.S.C. § 4241(a).

**IT IS ORDERED** that the defendant be examined and observed in accordance with 18 U.S.C. § 4241(b) and 18 U.S.C. § 4242(a) and that a report be filed pursuant to 18 U.S.C. § 4247(b) and (c).

**IT IS FURTHER ORDERED** that the defendant be placed immediately in a suitable facility, to be designated by the Bureau of Prisons, for an examination to determine the mental competency of the defendant and whether he was responsible for his conduct at the time of the offense.

**IT IS FURTHER ORDERED** that the director and/or the treatment staff of the designated facility shall make a written report of their findings as soon as practicable to the Honorable Christopher L. Ray, United States Magistrate Judge, United States District Court, Southern District of Georgia, P.O. Box 8286, Savannah, Georgia 31412, to Assistant United States Attorney Darron J. Hubbard, United States Attorney's Office, 22 Barnard Street, Suite 500, Savannah, Georgia 31401, and to defense counsel Robert Marion Mock, Jr., 11 Courtland Street, P.O. Box 923, Statesboro, Georgia 30459.  The designated facility shall state its opinion as to the following questions:

1.  Whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  18 U.S.C. § 4241(a).

2.  Whether the defendant was insane at the time of the offense charged.  18 U.S.C. § 4242(a); 18 U.S.C. § 17.

**IT IS FURTHER ORDERED** that the examiner's report shall include the pertinent information required by 18 U.S.C. § 4247(c).

**SO ORDERED** this 23rd day of March, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**