# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR422-130 |
| | ) | |
| RAMON SAMUEL COLLAZO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On March 23, 2023, the Court ordered a forensic psychological examination of defendant Ramon Samuel Collazo after finding reasonable cause to believe that he is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Doc. 21. After evaluating Collazo at the Federal Medical Center in Lexington, Kentucky, his examiners found that Collazo "is currently suffering from a mental disease or defect . . . rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." Doc. 33 at 6 (Sealed Report).

On February 21, 2023, the Government and defendant filed a stipulation agreeing that neither had any objection to the evaluating

physician's "assessment procedures, evaluation, findings, diagnosis, or prognosis," and waived their respective rights to present additional evidence at a competency hearing. Doc. 34 at 2. The parties further jointly requested that defendant be committed to the custody of the Attorney General for treatment and evaluation, pursuant to 18 U.S.C. § 4241(d)(1). *Id.*

Given the agreement of counsel for defendant and the Government, and the examining psychologist's recommendation, the Court should find that the evidence preponderates that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and competency restoration procedures are, therefore, appropriate.[1]   18

---

[1] Although Collazo's examiners report that "[t]here is not a foreseeable likelihood that [he] will be restored to competency," commitment pursuant to § 4241(d) is mandatory. *See United States v. Donofrio*, 896 F.2d 1301, 1302-03 (11th Cir. 1990) ("The permanency of [defendant's] condition was not an issue before the district court [prior to commitment pursuant to § 4241(d)], however. Once the court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rending him mentally incompetent to stand trial, then it was required to commit the defendant to the custody of the Attorney General." (internal quotation marks omitted)); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989) ("Our reading of 18 U.S.C. § 4241(d) is not only that commitment is mandatory, but

U.S.C. § 4241(d). It is **RECOMMENDED** that the defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the revocation proceedings to proceed. 18 U.S.C. 4241(d)(1); *see Donofrio*, 896 F.2d at 1303.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

also that likelihood of recovery is not something to be considered by the district court in deciding whether to commit the defendant for the evaluation period."); *United States v. Buckingham*, 2020 WL 7238273, at *6 (N.D. Ala. Dec. 9, 2020) ("The court notes that this commitment[, pursuant to § 4241(d),] is not discretionary because the clear language of the statute mandates that the court 'shall' commit an incompetent defendant to the Attorney General." (citations omitted)).

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this 28th day of July, 2023.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA