IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:22-cr-130 |
| RAMON SAMUEL COLLAZO, | |
| Defendant. | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 35), to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. The Court finds by a preponderance of the evidence that Defendant Ramon Samuel Collazo is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d). Accordingly, Defendant Ramon Samuel Collazo is committed to the custody of the Attorney General for treatment in accordance with 18 U.S.C. § 4241(d).

The Court **DIRECTS** that the Defendant be placed immediately in a suitable facility for treatment for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d)(1). The Court further **DIRECTS** the director of the facility in which Defendant is hospitalized, pursuant to 18 U.S.C. § 4241(e), to notify this Court when Defendant has recovered to such an extent that he is able to

understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court. 18 U.S.C. § 4241(e). If, at the end of the period, Defendant has not recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court **DIRECTS** the director of the facility in which Defendant is hospitalized to notify the Court, so that it may begin the proceedings required by 18 U.S.C. § 4246. See 18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward the defendant is subject to the provisions of sections 4246 and 4248."). The period of delay resulting from the fact that the Defendant is mentally incompetent shall be excluded in computing the time within which the trial of this case must commence. 18 U.S.C. § 3161(h)(4).

In recent cases, the Court has observed a tremendous backlog of cases in which this court and others have referred defendants to the Attorney General for competency evaluations. The Court has grave concerns regarding the legal, ethical, and medical consequences of the significant delays caused by this backlog. Accordingly, the Court **DIRECTS** counsel for the United States in this case to update the Court every **thirty (30) days** on the status of Collazo's competency evaluation.

**SO ORDERED**, this 24th day of August, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA